1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  Agri Star Meat and Poultry, LLC., et al., | ) CASE NO. **CV 13-3384-MWF(PLAx)** |
| 12                        Plaintiff(s), | ) **ORDER RE JURY TRIAL** |
| 13          v. | ) **I.      ORDER RE DEADLINES** |
| 14  Doheny Kosher Meat, Inc., et al., | ) **II.     ORDER RE TRIAL** <br> ) **        PREPARATION** |
| 15                        Defendant(s). | ) **III.    ORDER GOVERNING** <br> ) **        CONDUCT OF ATTORNEYS** <br> ) **        AND PARTIES** |
| 16 | ) |
| 17 | ) **Trial:  November 4, 2014** <br> ) **Time:  8:30 a.m.** |
| 18 | ) |

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

1

## I.
## DEADLINES

| | |
|---|---|
| Last Day to Add Parties/Amend Pleadings | October 28, 2013 |
| Non-expert Discovery Cut-off | March 10, 2014 |
| Expert Disclosure (Initial) | April 10, 2014 |
| Expert Disclosure (Rebuttal) | May 9, 2014 |
| Expert Discovery Cut-off | June 10, 2014 |
| Last Day to Hear Motions | July 14, 2014 |
| Last Day to Conduct ADR Proceeding | August 1, 2014 |
| File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in Limine | September 15, 2014 |
| Lodge Pretrial Conference Order, file agreed set of Jury Instructions and Verdict forms, file statement regarding Disputed Instructions and Verdict Forms, and file oppositions | September 22, 2014 |
| Final Pretrial Conference and Hearing on Motions in Limine | October 6, 2014, at 11:00 a.m. |
| Trial Date (Est. 6-8 Days) | November 4, 2014, at 8:30 a.m. |

///

///

///

///

///

///

///

///

A.     PARTIES/PLEADINGS

The Court has established a cut-off date for adding parties or amending pleadings.  All motions to add parties or to amend the pleadings must be noticed to be *heard* on or before the cut-off date.  All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

B.     DISCOVERY AND DISCOVERY CUT-OFF

1.     Discovery Cut-off:  The Court has established a cut-off date for discovery, including expert discovery, if applicable.  This is not the date by which discovery requests must be served; it is the date by which all discovery, *including all hearings on any related motions*, is to be completed.

2.     Discovery Disputes:  Counsel are expected to comply with the Federal Rules of Civil Procedure and all Local Rules concerning discovery. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable and professional manner.  The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the Court's website under Attorney Information, Attorney Admissions).

3.     Discovery Motions:  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

4.     Depositions:  All depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date.  Given the requirements to "meet and confer" and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off.

///

1    5. <u>Written Discovery</u>:  All interrogatories, requests for production of

2 documents and requests for admissions must be served sufficiently in advance of

3 the discovery cut-off date to permit the discovering party enough time to

4 challenge (via motion practice) responses deemed to be deficient.

5    6. <u>Expert Discovery</u>:  All disclosures must be made in writing.  The

6 parties should begin expert discovery shortly after the initial designation of

7 experts.  The final pretrial conference and trial dates will not be continued merely

8 because expert discovery is not completed.  Failure to comply with these or any

9 other orders concerning expert discovery may result in the expert being excluded

10 as a witness.

11    C. <u>LAW AND MOTION</u>

12    1. The Court has established a cut-off date for the *hearing* of motions.

13 All motions must be noticed so that the *hearing* takes place on or before the

14 motion cut-off date.  Counsel are advised that the Court may close a hearing date

15 once the number of motions filed exceeds the maximum number of motions that

16 reasonably can be heard on that date.  Counsel should anticipate that a preferred

17 hearing date may be unavailable.  Therefore, to avoid being unable to file a

18 motion to be heard by the cut-off date, counsel *should file motions sufficiently in*

19 *advance of the hearing cut-off date to ensure that a hearing date is available*.

20    2. Counsel must provide Chambers with conformed Chambers copies

21 of all documents.  Chambers copies should not be put in envelopes.  Counsel

22 should consult the Court's website at www.cacd.uscourts.gov, Judges' Procedures

23 and Schedules, Hon. Michael W. Fitzgerald, for further information regarding

24 Chambers copies and motion procedures.

25    D. <u>SETTLEMENT PROCEDURES</u>

26    Counsel must complete a settlement conference under the Court-Directed

27 ADR Program no later than the date set by the Court.  If the parties desire to

28 participate in an ADR procedure other than that elected in the Rule 26(f)

1   Scheduling Report and Order, they shall file a stipulation with the Court.  this
2   request will not necessarily be granted.
3       No case will proceed to trial unless all parties, including the principals of
4   all corporate parties, have appeared personally at a settlement conference.
5           E.      FINAL PRETRIAL CONFERENCE
6       A final pretrial conference date has been set pursuant to Rule 16 of the
7   Federal Rules of Civil Procedure and Local Rule 16-8.  Unless excused for good
8   cause, each party appearing in this action shall be represented at the final pretrial
9   conference by the lead trial counsel for that party.  Counsel should be prepared to
10  discuss streamlining the trial, including presentation of testimony by deposition
11  excerpts or summaries, time limits, stipulations as to undisputed facts, and
12  qualification of experts by admitted resumes.

13                              **II.**
14                      **TRIAL PREPARATION**
15          A.      PRETRIAL DOCUMENTS
16          1.      All pretrial document copies shall be delivered to the Court "binder-
17  ready" (three-hole punched on the left side, without blue-backs, and stapled only
18  in the top left corner).
19          2.      STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED.
20  THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL
21  REQUIREMENTS.  THIS COURT DOES NOT EXEMPT *PRO PER* PARTIES
22  FROM THE REQUIREMENTS OF RULE 16.  Carefully prepared memoranda of
23  contentions of fact and law, witness lists, a joint exhibit list, and a proposed final
24  pretrial conference order shall be submitted in accordance with the Rules, and the
25  format of the proposed final pretrial conference order shall conform to the format
26  set forth in Appendix A to the Local Rules.  Failure to comply with these
27  requirements may result in the final pretrial conference being taken off-calendar
28  or continued, or in other sanctions.

3. The filing schedule for pretrial documents is as follows.

    a. <u>At least 21 days before final pretrial conference</u>:

        • Memorandum of contentions of fact and law

        • Witness lists

        • Joint exhibit list

        • Motions *in limine*

    b. <u>At least 14 days before final pretrial conference</u>:

        • Proposed final pretrial conference order

        • Proposed jury instructions

        • Proposed verdict forms

        • Statement of the case

        • Proposed additional voir dire questions, if desired

        • Oppositions to motions *in limine*

    c. <u>At least 7 days before trial</u>:

        • Trial briefs, if desired

4. In addition to the requirements of Local Rule 16, the witness lists must include a brief description (one or two paragraphs) of the testimony and a time estimate for both direct and cross-examination (separately stated).

    B.   <u>MOTIONS *IN LIMINE*</u>

Each party is limited to five (5) motions *in limine,* unless the Court grants leave to file additional motions. All motions and oppositions are limited to ten (10) pages in length. All motions *in limine* must be filed at least three weeks before the final pretrial conference; oppositions must be filed at least two weeks before the final pretrial conference; reply briefs will not be accepted. Counsel are to meet and confer with opposing counsel to determine whether opposing counsel intend to introduce the disputed evidence and to attempt to reach an agreement that would obviate the motion. The Court will rule on motions *in limine* at the final pretrial conference. Motions in *limine* should address specific issues (e.g.,

1  *not* "to exclude all hearsay"). Motions *in limine* should not be disguised motions

2  for summary adjudication of issues.

3      C.    JURY INSTRUCTIONS, STATEMENT OF THE CASE, AND

4            VOIR DIRE

5      1.    Pursuant to Local Rule 16-2, lead trial counsel for each party are

6  required to meet and confer in person. The Court expects strict compliance with

7  Local Rule 16-2. Fourteen days before the Local Rule 16-2 meeting, the parties

8  shall exchange their respective proposed jury instructions and special verdict

9  forms. Ten days prior to the Local Rule 16-2 meeting, each shall serve objections

10 to the other's instructions and verdict forms. Before or at the Rule 16-2 meeting,

11 counsel are ordered to meet and confer and attempt to come to agreement on the

12 proposed jury instructions and verdict forms.

13     2.    *At the time of filing the proposed final pretrial conference order*,

14 counsel shall file with the Court a JOINT set of jury instructions on which there is

15 agreement. All blanks in standard forms should be filled in. The Court expects

16 counsel to agree on the substantial majority of jury instructions, particularly when

17 pattern or model instructions provide a statement of applicable law. If one party

18 fails to comply with the provisions of this section, the other party must file a

19 unilateral set of jury instructions.

20     3.    *At the same time*, each party shall file its proposed jury instructions

21 that are objected to by any other party. Each disputed instruction must have

22 attached a short statement (one or two paragraphs), including points and

23 authorities, in support of the instruction and a brief statement, including points

24 and authorities, in support of any objections. If applicable, a proposed alternative

25 instruction must be provided.

26     4.    When the *Manual of Model Jury Instructions for the Ninth Circuit*

27 provides an applicable jury instruction, the parties should submit the most recent

28 version, modified and supplemented to fit the circumstances of this case. Where

California law applies, counsel should use the current edition of the *Judicial Council of California Civil Jury Instructions* ("CACI").  If neither is applicable, counsel should consult the current edition of O'Malley, et al., *Federal Jury Practice and Instructions*.  Each requested instruction shall (a) cite the authority or source of the instruction, (b) be set forth in full, (c) be on a separate page, (d) be numbered, (e) cover only one subject or principle of law, and (f) not repeat principles of law contained in any other requested instruction.

Counsel may submit alternatives to these instructions only if counsel has a reasoned argument that they do not properly state the law or they are incomplete.

5.      Counsel must provide the documents described in paragraphs 2 and 3 to the Chambers email box in Word or WordPerfect 9 (or above) format *at the time they file their proposed jury instructions*.

6.      The Court will send one or more copies of the instructions into the jury room for the jury's use during deliberations.  Therefore, in addition to the copies described above, the Chambers email version must contain a "clean" set of jury instructions, containing only the text of the instruction (one per page) with the caption "Instruction No. __" at the top (eliminating titles, supporting authority, etc.).

7.      Counsel must provide an index of all instructions submitted, which must include the following:

        a.      the number of the instruction;

        b.      the title of the instruction;

        c.      the source of the instruction and any relevant case citations; and

        d.      the page number of the instruction.

///

///

///

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined | 9th Cir. 8.5.1 | 1 |
| | (15.U.S.C. § 1127) | | |

8.   During the trial and before argument, the Court will meet with counsel and settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

9.   *At the time of filing the proposed final pretrial conference order*, counsel should file a jointly prepared one- or two-page statement of the case to be read by the Court to the prospective panel of jurors before commencement of voir dire.

10.   The Court will conduct the voir dire.  The Court provides a list of basic questions, and may provide a list of additional questions to jurors before voir dire.  (This is not a questionnaire to be completed by jurors.)  Counsel may, but are not required to, file and submit (electronically to the Chambers email box and in paper form) a list of proposed case-specific voir dire questions at the time they file the proposed final pretrial conference order.

11.   In most cases the Court will conduct its initial voir dire of 14 prospective jurors who will be seated in the jury box.  Generally the Court will select eight jurors.

12.   Each side will have three peremptory challenges.  If fourteen jurors are seated in the box and all six peremptory challenges are exercised, the remaining eight jurors will constitute the jury panel.  If fewer than six peremptory challenges are exercised, the eight jurors in the lowest numbered seats will be the jury.  The Court will not necessarily accept a stipulation to a challenge for cause.  If one or more challenges for cause are accepted, and all six peremptory challenges are exercised, the Court may decide to proceed with six or seven

1    jurors.

2        D.    TRIAL EXHIBITS

3        1.    Exhibits must be placed in three-ring binders indexed by exhibit

4    number with tabs or dividers on the right side.  Counsel shall submit to the Court

5    an original and one copy of the binders.  The spine portion of the binder shall

6    indicate the volume number *and* contain an index of each exhibit included in the

7    volume.

8        2.    The Court requires that the following be submitted to the Courtroom

9    Deputy Clerk ("CRD") on the *first day of trial*:

10            a.    The party's witness list in the order in which the witnesses

11   may be called to testify.

12            b.    The joint exhibit list in the form specified in Local Rule 16-5

13   (Civil), which shall be sent in Word or WordPerfect format to the Chambers

14   email box no later than noon on the Monday before trial.

15            c.    All of the exhibits (except those to be used for impeachment

16   only), with official exhibit tags attached and bearing the same number shown on

17   the exhibit list.  Exhibit tags may be obtained from the receptionist in the Public

18   Intake Section, located on the Main Street level of the courthouse at 312 North

19   Spring Street, Room G-19.  Exhibits shall be numbered 1, 2, 3, etc., NOT 1.1, 1.2,

20   etc.  The defense exhibit numbers shall not duplicate plaintiff's numbers.  If a

21   "blow-up" is an enlargement of an existing exhibit, it shall be designated with the

22   number of the original exhibit followed by an "A."  These items (and the items

23   listed in d and e below) shall be provided on the first day of trial.

24            d.    The binder of *original exhibits* with the Court's exhibit tags,

25   yellow tags for plaintiff and blue tags for defendant, stapled to the front of the

26   exhibit at the upper right-hand corner with the case number, case name, and

27   exhibit number placed on each tag.

28   *///*

e.      A three-ring binder containing a copy of all exhibits that can be reproduced, and a copy of the witness list. Each exhibit shall be tabbed with the exhibit number for easy referral.

f.      A three-ring binder containing a copy of all exhibits for use by witnesses.

3.      A copy of the exhibit list with all *admitted exhibits* will be given to the jury during deliberations. Counsel shall review and approve the exhibit list with the CRD before the list is given to the jury.

4.      Where a significant number of exhibits will be admitted, the Court encourages counsel, preferably by agreement, to consider ways in which testimony about exhibits may be made intelligible to the jury while it is being presented.  Counsel should consider such devices as overhead projectors, jury notebooks for admitted exhibits or enlargements of important exhibits. [The Court has an Elmo and other equipment available for use during trial.]  Information concerning training on the use of electronic equipment is available.  Details are posted on the Court's website.  To make reservations for training, call 213-894-3061.  The Court does not permit exhibits to be "published" by passing them up and down the jury box.  Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

5.      All counsel are to meet not later than ten days before trial and to stipulate, so far as is possible, to foundation, to waiver of the best evidence rule and to those exhibits that may be received into evidence at the start of the trial. The exhibits to be so received will be noted on the Court's copy of the exhibit list.

E.      COURT REPORTER

Any party requesting special court reporter services for any hearing (*i.e.*, real time transmission, daily transcripts) shall notify the reporter *at least 2 weeks before the hearing date*.

F.   JURY TRIAL

1. On the first day of trial, court will commence at 9:00 a.m. and conclude at approximately 4:30 p.m. with a one-hour lunch break.  On the first day of trial, *counsel must appear at 8:30 a.m.* to discuss preliminary matters with the Court.  After the first day of trial, trial days are Tuesday through Friday from 9:00 a.m. to approximately 4:30 p.m. with two fifteen-minute breaks and a one-hour lunch break.

2. On the first day of trial, the jury panel will be called when the Court is satisfied that the matter is ready for trial.  Jury selection usually takes only a few hours.  Counsel should be prepared to proceed with opening statements and witness examination immediately after jury selection.

3. In most cases the Court will conduct its initial voir dire of 14 prospective jurors who will be seated in the jury box.  Generally the Court will select eight jurors.

4. Each side will have three peremptory challenges.  If 14 jurors are seated in the box and all six peremptories are exercised, the remaining eight jurors will constitute the jury panel.  If fewer than six peremptories are exercised, the eight jurors in the lowest-numbered seats will be the jury.  The Court will not necessarily accept a stipulation to a challenge for cause.  If one or more challenges for cause are accepted and all six peremptories are exercised, the Court may decide to proceed with six or seven jurors.

## III.

## CONDUCT OF ATTORNEYS AND PARTIES

A.   OPENING STATEMENTS, EXAMINING WITNESSES, AND
      SUMMATION

1. Counsel must use the lectern.

2. Counsel must not consume time by writing out words, drawing charts or diagrams, etc.  Counsel may prepare such materials in advance.

B.      OBJECTIONS TO QUESTIONS

1.      Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2.      When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection.  If counsel wishes to argue an objection further, counsel must ask for permission to do so.

C.      GENERAL DECORUM

1.      Counsel should not approach the CRD or the witness box without specific permission and must return to the lectern when the purpose for approaching has been accomplished.

2.      Counsel should rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.

3.      Counsel should address all remarks to the Court.  Counsel are not to address the CRD, the court reporter, persons in the audience, or opposing counsel. If counsel wish to speak with opposing counsel, counsel must ask permission to do so.  Any request for the re-reading of questions or answers shall be addressed to the Court.  Requests may not be granted.

4.      Counsel should not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years old.

5.      Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6.      While Court is in session, counsel must not leave counsel table to confer with any person in the back of the courtroom unless permission has been granted in advance.

7.      Counsel shall not make facial expressions, nod, or shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

8.      Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overheard by jurors.  Each counsel should admonish counsel's own clients and witnesses to avoid such conduct.

9.      Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

D.      PROMPTNESS OF COUNSEL AND WITNESSES

1.      Promptness is expected from counsel and witnesses.  Once counsel are engaged in trial, this trial is counsel's first priority.  The Court will not delay the trial or inconvenience jurors.

2.      If a witness was on the stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

3.      Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4.      No presenting party may be without witnesses.  If a party's remaining witnesses are not immediately available and there is more than a brief delay, the Court may deem that party to have rested.

5.      The Court attempts to cooperate with professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence.  Counsel must anticipate any such possibility and discuss it with opposing counsel.  If there is an objection, counsel must confer with the Court in advance.

E.      EXHIBITS

1.      Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence.

///

2.     Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3.     An exhibit not previously marked should, at the time of its first mention, be accompanied by a request that it be marked for identification. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.     Counsel are to advise the CRD of any agreements with respect to the proposed exhibits and as to those exhibits that may be received without further motion to admit.

5.     When referring to an exhibit, counsel should refer to its exhibit number.  Witnesses should be asked to do the same.

6.     Counsel must not ask witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do so.  Any graphic aids must be fully prepared before the court session starts.

F.     <u>DEPOSITIONS</u>

1.     All depositions to be used at trial, either as evidence or for impeachment, must be lodged with the CRD *on the first day of trial or such earlier date as the Court may order*.  Counsel should verify with the CRD that the relevant deposition is in the CRD's possession.

2.     In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

a.     If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection.  Counsel may then read the portions of the deposition into the record.

///

b.     If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness told to read the relevant pages and lines silently.  Then counsel may either ask the witness further questions on the matter and thereafter read the quotations, or read the quotations and thereafter ask further questions.  Counsel should have an extra copy of the deposition for this purpose.

3.     Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions, or (b) have counsel read both the questions and answers.

G.     USING NUMEROUS ANSWERS TO INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted.  Copies of this new document should be given to the Court and opposing counsel.

H.     ADVANCE NOTICE OF UNUSUAL OR DIFFICULT ISSUES

If any counsel have reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice.  Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine.  See* Fed. R. Evid. 103.  Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial.  THE COURT WILL NOT KEEP JURORS WAITING.

///

///

1     ***N.B.* "COUNSEL," AS USED IN THIS ORDER, INCLUDES**

2     **PARTIES APPEARING *IN PROPRIA PERSONA*.**

3

4          IT IS SO ORDERED.

5

6     Dated:  August 26, 2013     _____

7                                 MICHAEL W. FITZGERALD
                                  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | CASE NO. CV          -MWF(   x) |
|---|---|---|
| Plaintiff(s), | ) | EXHIBIT LIST |
| v. | ) | *SAMPLE FORMAT* |
| Defendant(s). | ) | |

_____ )

| EX. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10
11                                    )    CASE NO. CV         -MWF(   x)
                                       )
12              Plaintiff(s),          )    WITNESS LIST
                                       )
13        v.                           )          *SAMPLE FORMAT*
                                       )
14                                     )
                                       )
15              Defendant(s).          )
   _____        )
16

| | DATES OF TESTIMONY |
|---|---|
| **WITNESSES FOR PLAINTIFF** | |
| | *(to be filled in during trial)* |
| | |
| | |
| | |
| **WITNESSES FOR DEFENDANT** | |
| | |
| | |
| | |
| | |

27
28